UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Samuel Bowens | : | CIVIL NO. 3:03cv400(CFD) |
| v. | : | |
| Mark W. Strange, et al | : | February 10, 2004 |

### ANSWER AND AFFIRMATIVE DEFENSES

The defendants hereby respond to the allegations of plaintiff's complaint in corresponding paragraphs:

1. Denied.

2. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

3. The defendants admit that the plaintiff was a sentenced inmate within the custody of the Department of Correction. As to the remainder of allegations contained in this paragraph, the defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

4. The defendants admit that during some of the times mentioned in the plaintiff's complaint, Mark Strange was the Warden of Osborn Correctional Institution. The remainder of the allegations contained in this paragraph are Denied.

5. The defendants admit that during some of the times mentioned in the plaintiff's complaint, the defendant Gaudet was employed at Osborn Correctional Institution as a correctional official. The remainder of the allegations contained in this paragraph are Denied.

6. The defendants admit that on various dates, the defendant Dr. Serafini provided medical care to the plaintiff including but not limited to examining the plaintiff. The remainder of the allegations contained in this paragraph are Denied.

7. The defendants admit that during some of the times mentioned in the plaintiff's complaint, the defendant Levester was the Warden of the Willard-Cybulski Correctional Institution. The remainder of the allegations contained in this paragraph are Denied.

8. Admitted.

9. Denied.

10. Admitted.

11-15. Denied.

16. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof;

17-18. Denied.

## AFFIRMATIVE DEFENSES

The defendants assert the following Affirmative Defenses:

First Affirmative Defense:

The plaintiff fails to state a claim upon which relief can be granted.

Second Affirmative Defense:

The plaintiff failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act.

Third Affirmative Defense

Each and every defendant in this action is entitled to qualified immunity.

Fourth Administrative Directive

The Eleventh Amendment provides immunity.

Fifth Affirmative Defense

The plaintiff's claims are precluded by Conn. Gen. Stat. §§ 4-141 through 4-164 and § 4-165.

Sixth Affirmative Defense

The defendants do not have sufficient personal involvement in any constitutional violations alleged.

## SET-OFF

The defendants claim as a set-off against any amount the plaintiff might recover the costs of the plaintiff's incarceration in the amount of approximately $37,000.00 per year.

DEFENDANTS
Mark Strange, et al

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Lynn D. Wittenbrink
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct08575
lynn.wittenbrink@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed first class postage prepaid to the following on this 10th day of February 2004:

John R. Williams
Williams & Pattis
51 Elm St.
New Haven, CT  06510

Lynn D. Wittenbrink
Assistant Attorney General